IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LEHMAN BROTHERS BANK, FSB,<br><br>    Plaintiff,<br><br>vs.<br><br>BEVERLY HILLS ESTATES FUNDING, INC., et al.,<br><br>    Defendant. | ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS<br><br><br><br>Case No. 2:03-CV-00612 PGC |
| MICHAEL J. FITZGERALD PROTECTIVE COMMITTEE TRUST,<br><br>    Third Party Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; STATE OF CALIFORNIA, EMPLOYMENT DEVELOPMENT DEPARTMENT, AND THE FRANCHISE TAX BOARD,<br><br>    Third Party Defendants. | |

Complainant, Douglas Hawkes, is the court-appointed Utah Receiver responsible for the management, administration, operation and activities of the Michael J. Fitzgerald Protective Committee Trust. The Utah Receiver filed this Third-Party Complaint against the United States

Internal Revenue Service, among other defendants, seeking a declaration of the rights and legal relationships of the parties [# 96].  In particular, the Utah Receiver seeks a declaration regarding (1) whether or not the IRS has any interest in the Trust assets for alleged unpaid employment taxes and/or unpaid income taxes by Beverly Hills Development Corporation (BHDC) for the tax years of 2000, 2001, and the first quarter of 2002, or any other tax year, and (2) whether the IRS has any interest in the assets of the Trust for unpaid employment taxes under the applicable three-year statute of limitations [# 96].

In its Motion to Dismiss [# 105], the United States maintains that there is no waiver of its sovereign immunity from suit and the court lacks jurisdiction over the claims.  The United States maintains that the first request for declaratory judgment should be dismissed with prejudice because both the Declaratory Judgment Act's bar against declaratory relief involving federal taxes and the Anti-Injunction Act's prohibition against actions dealing with the assessment or collection of taxes prohibit this action.  Although neither party has addressed the statute of limitations issue, the court does not find sufficient merit to issue declaratory relief under the statute of limitations argument either.

Given the following discussion, the court GRANTS the IRS' Motion to Dismiss [# 105].

## BACKGROUND

In April of 2003, Lehman Brothers Bank filed an action[1] in California alleging mortgage fraud against a number of individuals and entities including Charles Elliot Fitzgerald.

---

[1] *Lehman Brothers Bank, FSB v. Beverly Hills Estates Funding, Inc.*, Civil No. CV03-2702 DDP (C.D. Cal. 2003)

Subsequently, the California court appointed David J. Pasternak as the California Receiver. During the course of litigation, it became clear that over 300 individuals and business entities had been defrauded by Michael J. Fitzgerald, brother to Elliot Fitzgerald, and at least seven salesmen, into investing monies in a variety of entities including BHDC. The California Receiver was charged with taking control and possession of BHDC.

Concurrent with the California litigation, the Utah Department of Commerce Division of Securities commenced an investigation of Michael Fitzgerald because a majority of the defrauded investors either reside in or conduct business in Utah. The State of Utah subsequently charged Michael Fitzgerald with a number of third degree felonies for selling unregistered securities to investors. On November 23, 2004, Michael Fitzgerald entered a Plea in Abeyance with the State of Utah. As a condition of the Plea in Abeyance, he agreed to repay the investors their losses in restitution.

As part of the events leading up to the Plea in Abeyance, Michael Fitzgerald established the Michael J. Fitzgerald Protective Committee Trust, assigning certain property interests of his to the Trust and naming the defrauded investors as beneficiaries of the Trust. In order to effectuate oversight and supervision of the Trust operations, the court appointed Douglas Hawkes as the Utah Receiver on April 26, 2005.

On September 26, 2005, the Utah Receiver received a check for the sum of $2,533,496.12, representing the first and only funds the Trust has received to this date. These funds originated from the development and sale of real property in Los Angeles, California, by Nebo Investments, LLC, of which Michael Fitzgerald held a substantial ownership interest.

Although the property was not purchased or subsequently developed with any monies coming directly from BHDC, a portion of the purchase and development funds originated from Michael Fitzgerald personally, which funds he had received in part from BHDC.

In March 2006, this court ordered distribution of approximately $1,500,000 of the Trust assets to the Utah investors. The remainder of the Trust assets, approximately $750,000, was retained for, among other things, potential priority tax liabilities owed by BHDC and/or Michael Fitzgerald.

BHDC, as well as all other California Receivership defendants, had not filed federal or state tax returns regarding their respective activities for several years. On May 31, 2006, the California Receiver's accountants completed and submitted to the California Receiver approximately 112 tax returns for various receivership and related entities, including BHDC.

In an effort to prevent the IRS from pursuing the remaining Trust assets for potential unpaid taxes by BHDC, the Utah Receiver sought declaratory relief against the IRS. In its Amended Complaint, the Utah Receiver sought a declaration of the rights and legal responsibilities of the parties. Specifically, the Utah Receiver requests this court to declare (1) whether the IRS has any interest in the assets of the Trust for alleged unpaid employment taxes and/or unpaid income taxes by BHDC for the tax years 2000, 2001, and the first quarter of 2002, and (2) whether the IRS has any interest in the assets of the Trust for unpaid employment taxes under the applicable three-year statute of limitations. The IRS has now moved to dismiss this complaint and the California Receiver supports the IRS' motion [#105, #107].

## STANDARD OF REVIEW

In considering a motion to dismiss for lack of subject matter jurisdiction when the moving party questions the sufficiency of the complaint, the court "assum[es] the truth of all facts that Plaintiff alleges."[2] Therefore, the court accepts the facts alleged in the Utah Receiver's complaint as true.

## DISCUSSION

The IRS moves to dismiss this declaratory judgment action by the Utah Receiver, maintaining that there is no waiver of the United States' sovereign immunity from suit and, therefore, the court lacks jurisdiction over the Utah Receiver's claims. Furthermore, the IRS contends that both the Declaratory Judgment Act[3] and the Anti-Injunction Act[4] bar the present claims for relief. The Declaratory Judgment Act grants jurisdiction to district courts over cases seeking declaratory relief.[5] The statute includes an exception for declaratory relief "with respect to federal Taxes,"[6] and the United States argues that this exception operates as a jurisdictional bar to the Utah Receiver's claims. The IRS also argues that the Anti-Injunction Act bars the present claims because the relief sought by the Utah Receiver is injunctive in nature because it seeks to restrain the IRS' further assessment or collection of taxes.

---

[2] *Georgacarakos v. United States*, 420 F.3d 1185, 1186 (10th Cir. 2005); *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[3] 28 U.S.C. § 2201.

[4] *Id.* § 7421.

[5] *Id.* § 2201(a).

[6] *Id.*

David J. Pasternak, the California Receiver, supports the IRS' Motion to Dismiss [# 105]. The California Receiver argues on both legal and equitable grounds that the Utah Receiver should share in BHDC's tax liabilities to the IRS for unpaid employment taxes.  First, the Trust assets that the Utah Receiver controls are, in actuality, monies that are the property of and payable to the creditors of Michael Fitzgerald.  Because BHDC was the primary vehicle used by Michael Fitzgerald to defraud investors, the California Receiver believes that the Trust assets, being the assets of Michael Fitzgerald, are subject to tax liabilities owed by BHDC to the IRS despite the fact that they originated from Nebo Investments, LLC.  Second, the California Receiver contends that it is fair and equitable for the Utah Receiver to share the priority tax burdens so that the ultimate distributions to the claimants of both receiverships are more comparable.

The Utah Receiver rejects the IRS' argument that the declaratory relief sought in the complaint is barred by the Declaratory Judgment Act.  The Utah Receiver argues that he does not seek a determination of tax liabilities or assessment of taxes against BHDC or any other entity. Rather he seeks declaratory relief in order to force the IRS to bring now any claims it may have, so the claims, if any, can be addressed.  If the IRS continually delays bringing any claim, the Utah Receiver argues that he will be unable to continue distributing the balance of the Trust assets because the Utah Receiver may be personally responsible if he distributes any additional assets and the IRS subsequently asserts entitlement to those Trust monies.  Additionally, the Utah Receiver argues that the California Receiver might conceivably bring a claim against the Utah Receiver or the Trust for indemnification of the tax liabilities of BHDC.

Although the Declaratory Judgement Act grants the district courts jurisdiction over cases seeking declaratory relief, the statute does not extend jurisdictional authority to render declaratory relief "with respect to Federal taxes" (subject to exceptions not relevant here).[7] Despite the Utah Receiver's narrow argument to the contrary, the present claim for declaratory relief surely involves federal taxes. It is difficult to see how a judicial declaration of whether the IRS has any interest in the Trust assets for alleged unpaid employment or income taxes by BHDC is not relief "with respect to Federal taxes." In this case, the Utah Receiver is "elevat[ing] semantics over substance."[8] Accordingly, the court lacks jurisdiction to render the requested relief.

Similarly, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."[9] The Declaratory Judgment Act and the Anti-Injunction Act are "coextensive" in scope.[10] In other words, "an injunction of a tax and a judicial declaration that a tax is illegal have the same prohibitory effect on the federal government's ability to assess and collect taxes."[11] Indeed, the "Supreme Court has recognized that the principal purpose of the Anti-Injunction Act is to permit the government to assess and

---

[7] *Id.*

[8] *Wyoming Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930, 933 (10th Cir. 1996) (finding that jurisdiction is barred by both the Declaratory Judgment Act and the Anti-Injunction Act).

[9] 28 U.S.C. § 7421.

[10] *Wyoming Trucking*, 82 F.3d at 933.

[11] *Id.*

collect taxes expeditiously without judicial intervention."[12]  In the present case, the Utah Receiver contends that the purpose of the complaint is to force the IRS to bring now any claims it may have so that the claims, if any, can be addressed.  If the requested declaratory relief were issued, however, the IRS would be forever prevented from bringing any claim on the assets of the Trust for unpaid BHDC taxes.  This is exactly the type of situation that Congress created the Anti-Injunction Act to prevent.[13]  Indeed, the U.S. Supreme Court has noted that the "[Anti-Injunction Act] shields federal tax collections from federal-court injunctions . . . [and] Congress directed taxpayers to pursue refund suits instead of attempting to restrain collections."[14]  In this case, the Utah Receiver's action clearly seeks a restraint on the IRS, which the court lacks jurisdiction to grant.

The Utah Receiver relies on *Sea-Land Services, Inc. v. United States*,[15] in which the District of New Jersey denied the government's motion to dismiss a similar claim because the claim did "not ask the Court to declare whether any tax is due the United States or, if so, how much, but only whether [Sea-Land] must turn over the unchallenged assessment to the IRS."[16] *Sea-Land* also states, however, that it is "well-settled that the exception for federal taxes does not

---

[12] *Id*. (citing *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1961)).

[13] *Id*. (stating that "[o]f *critical* importance to this Court is the fact that the relief sought by the plaintiffs would have an immediate effect of restraining the collection of a tax in direct contradiction to the Anti-Injunction Act.") (emphasis added).

[14] *Hibbs v. Winn*, 542 U.S. 88, 103-04 & n.5 (2004)

[15] *Sea-Land Services, Inc. v. United States*, 622 F.Supp. 769 (D.N.J. 1985).

[16] *Id*. at 771.

bar actions by *non-taxpayers* who seek neither to restrain the assessment of taxes nor to dispute the taxpayer's ultimate tax liability."[17]  In the present case, the Utah Receiver is a non-taxpayer who is seeking to restrain the assessment of taxes in order to distribute the Trust assets.  And this case clearly demonstrates that the exception in the Declaratory Judgment Act for federal taxes prohibits the Utah Receiver's action.

In the initial complaint, the Utah Receiver also sought a declaration concerning whether the IRS has any interest in the Trust assets for unpaid employment taxes under the applicable statute of limitations.  The court cannot grant such relief due to the above-discussed prohibitions by the Declaratory Judgment Act and the Anti-Injunction Act.  In addition, even if these claims were not barred, the court could not grant the requested relief because the appropriate statute of limitations appears to have not yet expired.  Indeed, the Internal Revenue Code provides that "[t]he amount of any tax imposed by the Code . . . shall be assessed within 3 years after the return was filed."[18]  In the present case, it is undisputed that BHDC did not submit tax returns for the years of 2000, 2001, and the first quarter of 2002 until May 31, 2006.  Thus, it appears likely to the court that the applicable statute of limitations would not expire until May 31, 2009.

## CONCLUSION

The relief requested by the Utah Receiver is both declaratory and injunctive in nature and involves federal taxes, and would impede the government's ability to assess and collect taxes as well.  The court finds the requested relief is prohibited by both the Declaratory Judgment Act and

---

[17] *Id*.

[18] 26 C.F.R. §301.6501(a).

the Anti-Injunction Act.

For all these reasons, the court GRANTS the IRS' Motion to Dismiss [# 105].

SO ORDERED.

DATED this 21st day of August, 2006.

BY THE COURT:

/s/ Paul Cassell

Paul G. Cassell
United States District Judge